# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 12-1543** (Wayne County 09-F-117)

**Teresa E. Adkins aka Teresa E. Russell,
Defendant Below, Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Teresa Adkins' appeal, by counsel Ronald H. Hatfield Jr., arises from the Circuit Court of Wayne County's December 27, 2012 order resentencing her to a term of incarceration of one to five years following her conviction of one count of delivery of a Schedule III controlled substance. The State, by counsel Andrew Mendelson, filed a response. On appeal, petitioner alleges that the circuit court erred in allowing the State to make improper remarks during closing argument.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2010, petitioner was tried by a jury on one count of delivery of a Schedule III controlled substance after she was arrested for selling prescription medication. During the trial, petitioner's husband testified that a neighbor, Ray Sadler, was with both him and petitioner at the time of the alleged crime. Further, during her own testimony, petitioner confirmed that Mr. Sadler was with her at the time of the alleged crime. Mr. Sadler, however, was not called to testify at trial. Before closing arguments, petitioner moved the circuit court to prohibit the State from mentioning Mr. Sadler and the circuit court denied the motion. During closing argument, the State noted that Mr. Sadler was not called to support petitioner's alibi defense, despite testimony that he was with petitioner at the time of the crime.

Ultimately, petitioner was convicted of the lone count of delivery of a Schedule III controlled substance and was sentenced to a term of incarceration of one to five years. The circuit court, however, suspended petitioner's sentence in lieu of five years of probation. Following her conviction, petitioner filed a motion for a new trial, which was denied. In December of 2012, the circuit court resentenced petitioner for purposes of effecting appeal. It is from this order that petitioner appeals.

"'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Meadows*, 231 W.Va. 10, 743 S.E.2d 318 (2013). Upon our review, we reject petitioner's assignment of error. This Court has previously addressed similar circumstances in *State v. Brewster*, 164 W.Va. 173, 261 S.E.2d 77 (1979). Unlike the present case in which the State made reference to a specific individual that petitioner and her husband referenced during their testimony, the prosecution in *Brewster* made reference to the defendant's failure to produce any witnesses on his behalf. After the remark in *Brewster*, the circuit court gave a cautionary instruction, informing the jury that "'[t]he reference to any witnesses who have not testified is not a subject that you can consider in arriving at your verdict.'" *Id.* at 177, 261 S.E.2d at 80. Ultimately, we found no error in *Brewster* based on the circumstances of the case and the circuit court's cautionary instruction. In this matter, however, no cautionary instruction was provided.

As such, we turn to our prior analysis regarding situations in which convictions must be set aside due to improper prosecutorial remarks. We have held that "'[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice.' Syllabus Point 5, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995)." Syl. Pt. 11, *State v. McCartney*, 228 W.Va. 315, 719 S.E.2d 785 (2011). We have also provided guidance in determining when prosecutorial comments rise to a level requiring reversal by holding as follows:

> "Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." Syllabus Point 6, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995).

Syl. Pt. 10, *State v. McCartney*, 228 W.Va. 315, 719 S.E.2d 785 (2011). Upon our review, we find that petitioner is not entitled to have her conviction set aside because the prosecutor's remarks did not result in clear prejudice or manifest injustice.

Under the first factor, we note that the prosecutor's remark that Mr. Sadler was not called to support petitioner's alibi defense despite testimony that he was with petitioner at the time of the crime had little tendency to mislead the jury or prejudice petitioner. While petitioner argues that the remark amounts to an unlawful shifting of the burden of proof in a criminal case, the Court disagrees. Instead, the remark amounts to a reasonable inference based upon testimony introduced by the defense and intended to question the veracity of testimony from petitioner and her husband. More importantly, the jury was instructed that the State's remarks were no more than argument and did not constitute evidence. The jury received proper instructions that the burden of proof was not shifted to petitioner and was also properly instructed in regards to an alibi defense.

As to the second element, the Court finds that the statements at issue were incredibly isolated, amounting to little more than a small portion of the State's rebuttal in closing argument. Most importantly, however, is the third element, as the State's evidence absent the remarks was strong. While petitioner argues that the length of jury deliberation and an indication at one point during deliberation that the jury could not reach a unanimous decision mitigates in her favor on this element, the Court disagrees. During the trial, a confidential informant and three police officers testified to petitioner's crime. Petitioner even testified that she had a prescription for hydrocodone, which is what petitioner was accused of selling. Her husband also testified that petitioner sometimes borrows her mother's car, a red Chevrolet Cavalier. One officer testified to having witnessed petitioner exit a red Cavalier and then exchange pills for money. Ultimately, the jury reached a verdict based upon this evidence. Therefore, it is clear that, absent the prosecutor's remarks, the evidence against petitioner was strong and sufficient to support her conviction.

Finally, the Court finds that the prosecutor's remarks were not deliberately meant to divert the jury's attention to extraneous matters. In fact, the remarks spoke directly to the heart of the State's case regarding petitioner's presence at the scene of the crime. While petitioner argues that the State's decision to address Mr. Sadler only during the rebuttal portion of closing argument, thereby preventing petitioner from addressing the issue, evidences an intention to divert the jury's attention, we disagree. Petitioner's closing argument addressed her alibi defense, and the State sought to rebut that defense by calling into question the veracity of testimony from petitioner and her husband regarding Mr. Sadler's presence with the victim at the time of the crime in question. As such, we find that the prosecutor's remarks do not require reversal of petitioner's conviction because they did not prejudice petitioner or result in manifest injustice.

For the foregoing reasons, the circuit court's December 27, 2012 sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II